IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY CAMDEN VICINAGE

| | |
|---|---|
| MELANIE J. BAUER,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Civil No. 18-17378 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff Melanie Bauer from a denial of social security disability benefits.

For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

I. **STANDARD OF REVIEW**

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a

2

specific job vacancy exists for him, or whether he
would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. Id. Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" Id. §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" Smith, 631 F.3d at 634. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to

step five.

> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] ... age, education, and work experience[.]" Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201–02 (3d Cir. 2019).

## II. **FACTS**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff, who was thirty-nine years old at the alleged onset date, claims disability, in part, based on a diagnosis of multiple sclerosis ("MS").

At the disability hearing, Plaintiff's counsel explained in her opening statement that Plaintiff's MS causes "tremors." (A.R. at p. 44) Plaintiff testified that "lately 80% of the time I've been having bad days with [my recurring relapsing] MS." (A.R. at p. 47, 59) Plaintiff explained that she experiences tremors from her MS "usually every day" which affect her ability to use her hands to type, and to hold steady a gallon of milk. (A.R. at p. 52-53)

Similarly, Plaintiff stated in her Adult Function Report

4

that she has trouble shaving and feeding herself because her "hands shake." (Ex. No. 4E, A.R. at p. 270)  She also reported that it is "sometimes hard to grab change with fingers."  (Id. at p. 272)

Plaintiff's medical records substantiate Plaintiff's reports of tremors.  Indeed, as set forth in some detail in the ALJ's opinion, medical records from 2014 through 2017 evidence "sustention tremor" / "bilateral hand tremor" which "waxes and wanes."  (A.R. at p. 27)

III. **ALJ'S DETERMINATION**

The ALJ found Plaintiff not disabled.  Relevant to the instant appeal, the ALJ's residual functional capacity ("RFC") determination included a limitation that Plaintiff handle and finger "frequently." (A.R. at p. 22)  Based on the RFC, the Vocational Expert testified, and the ALJ found, that Plaintiff could perform the jobs of charge account clerk, food and beverage order clerk, and telephone quotation clerk.  (A.R. at p. 31)

The ALJ's Opinion extensively discusses the medical evidence concerning Plaintiff's MS and tremors, but then merely states in conclusory fashion, "[u]nder the totality of the evidence, the claimant's multiple sclerosis supports the above-listed residual functional capacity, including restrictions to frequent bilateral handling and fingering," without explaining

5

how the evidence supports the ALJ's conclusion. (A.R. at p. 27)

## IV. **ANALYSIS**

Among other arguments, Plaintiff contends that RFC's limitation to "frequent" handling and fingering does not adequately account for Plaintiff's tremors resulting from her MS, and therefore asserts that the ALJ erred.

In response to Plaintiff's argument, the Commissioner asserts that "[a]mple evidence supports the ALJ's RFC finding," specifically citing to medical records reflecting that, at certain times, Plaintiff's MS "'was not very active'" or was doing "'reasonably well.'" (Opposition Brief, p. 17)

Perhaps the ALJ arrived at her RFC determination based on the evidence cited by the Commissioner. However, the Court cannot affirm on this basis because the ALJ provided no explanation for her conclusion. See Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016) (Bumb, D.J.) ("The Third Circuit 'requires the ALJ to set forth the reasons for his decision.'") (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 123 (3d Cir. 2000)). On the present record, the Court cannot discern why the ALJ determined that Plaintiff could finger and handle frequently, as opposed to occasionally or never. Particularly in light of Plaintiff's testimony at the disability hearing, and Plaintiff's statements on the Adult Function Report concerning the frequency and extent of

Plaintiff's tremors, the ALJ should explain and reconcile, if possible, the apparent inconsistency between that evidence and the RFC's "frequent" handling and fingering limitation.

"The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review." Sanford v. Comm'r of Soc. Sec., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) (citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)).  The Court cannot determine on the present record whether the ALJ's decision was supported by substantial evidence because it presently lacks the requisite access to the ALJ's reasoning.  It may well be the case that the ALJ will arrive at the same decision.  At this juncture, however, the ALJ must provide additional explanation for the decision.  As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis. **ACCORDINGLY**, it is on this **20th** day of **November, 2019**,

**ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE THIS CASE**.

                                        ___s/ Renée Marie Bumb___
                                        RENÉE MARIE BUMB, U.S.D.J.